UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | |
|---|---|
| Ramona Humann, ) | |
| ) | |
| Plaintiff, ) | **ORDER GRANTING DEFENDANT** |
| ) | **BAIR'S COSTS AND DISBURSEMENTS** |
| ) | |
| vs. ) | |
| ) | |
| KEM Electric Cooperative, Inc., Michael ) | |
| D. Rudolph, and Thomas B. Bair, ) | Case No. 1:05-cv-0073 |
| ) | |
| Defendants. ) | |

Before the Court is defendant Thomas B. Bair's Motion for Costs filed on September 15, 2006. For the reasons set forth below, the Court denies in part and grants in part the motion for costs.

## I.  BACKGROUND

On August 29, 2006, the Court entered an Order granting summary judgment in favor of all defendants. The defendant, Thomas B. Bair, now seeks to have costs in the amount of $1,390.60 taxed as part of the Judgment. This amount represents the expenses associated with the taking of depositions and for deposition fees related to an expert witness.

## II.  DISCUSSION

The taxation of costs follows the standard set out in Rule 54 of the Federal Rules of Civil Procedure. Costs are usually awarded to the prevailing party as a matter of course. Poe v. John Deere Co., 695 F.2d 1103, 1108 (8th Cir. 1982); Boyd v. Ozark Air Lines, Inc., 568 F.2d 50, 55 (8th

Cir. 1977). However, the district court has significant discretion in awarding costs to the prevailing party. Greaser v. State of Missouri Dep't of Corr., 145 F.3d 979, 985 (8th Cir. 1998).

28 U.S.C. § 1920(3) provides that the Court may tax witness costs. Absent explicit statutory authority or an agreement otherwise, non-court appointed expert witnesses are compensated like any other witnesses. Crawford Fitting Co., v. J.T. Gibbons, Inc., 484 U.S. 437, 439 (1987). The taxable costs for such experts are limited to their testimonial services and subject to the statutory witness fees and allowances found in 28 U.S.C. § 1821. That statute provides that a witness is only entitled to fees and allowances when the witness is "in attendance at any court of the United States ... or before any person authorized to take his deposition." 28 U.S.C. § 1821(a)(1). If the witness satisfies that condition, 28 U.S.C. § 1821(b) provides that "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance." Thus, there is a statutory limitation of $40 per day for expert witnesses. Under federal law, unlike state law, expert witnesses are treated no differently than other fact witnesses. The Court's discretion under Rule 54(d) of the Federal Rules of Civil Procedure does not allow the Court to exceed the cost provisions of 28 U.S.C. § 1821, but rather is solely a power to decline to tax those costs. Crawford Fitting Co., v. J.T. Gibbons, Inc., 484 U.S. 437, 442 (1987)

Exercising the discretion afforded under Rule 54, the Court denies the request for costs in the amount of $507.50 which represents charges for defense expert Richard Olson. Such costs are non-recoverable under 28 U.S.C. § 1821. The Court will grant the remaining request for costs in the amount of $883.10.

## IV.     CONCLUSION

The Court, having reviewed the Statement of Costs, the Affidavit of Identification, and other accompanying documents, now **ORDERS** as follows that defendant Thomas B. Bair be awarded costs and disbursements, pursuant to the Statement of Costs, in the amount of $883.10, to be taxed by the Clerk against the plaintiff, Ramona Humann.  The judgment originally filed shall be amended by the Clerk and notice of entry served on all parties.

**IT IS SO ORDERED**.

Dates this 21st day of September, 2006.

> */s/ Daniel L. Hovland*
> Daniel L. Hovland, Chief Judge
> United States District Court